Matthias, J.
 

 The plaintiff, Floyd A. Lichtenwalter, instituted this action in the court of common, pleas of Summit county to enjoin the collection of an assessment levied upon his' property abutting upon Spicer street, in the city of Akron, to pay a portion of the cost and expense of improving said street. The case was tried upon appeal in the Court of Appeals, which court granted an injunction restraining the collection of the assessment, as prayed.
 

 
 *358
 
 The record shows that as a part óf the improvement of Spicer street there was constructed an underground conduit, varying in dimensions from 12 inches in diameter at the northerly terminus and gradually increasing to 30 inches in diameter at its southern terminus, which is to be used as a stormwater sewer, but a sanitary sewer previously constructed in Spicer street is connected therewith, making of it a combined stormwater and sanitary sewer.
 

 The question here presented is whether under the legislation enacted by the city council it had authority and jurisdiction to construct this sewer improvement and levy an assessment against the abutting properties to pay a portion of the cost and expense thereof.
 

 The resolution of necessity, the notice to property owners, and the ordinance subsequently adopted, all employ substantially the same language in referring to the proposed improvement, it being as follows: ■
 

 “By grading, draining, curbing, resetting curb, redressing curb, paving, repaving, resurfacing, constructing brick gutters, and constructing sewer laterals and water service connections, which is hereby declared to be conducive to the public health, convenience, and welfare, and that the plans, specifications, estimates, and profiles of said proposed improvement, on file in the office of the director of public service, are hereby approved.”
 

 The action of the city council was taken pursuant to authority vested in it by the provisions of Section 3812, General Code, which confers special power to levy and collect assessments to meet the
 
 *359
 
 cost and expense of making certain improvements, among others therein specified being “constructing * * * sewers, drains, water-courses,” etc. Before the city has authority to proceed with the construction of any such improvement and levy assessments to meet the cost and expense thereof, it is essential that it follow the course prescribed by statute, and it is well settled that statutes imposing taxes and assessments are to be strictly construed; any doubt must be resolved against the imposition of the burden.
 

 It is to be observed that nowhere in these proceedings is there any provision for or even a reference to the construction of a drain or a sewer, either stormwater or sanitary. Under the declared necessity of improving Spicer street by “grading, draining, curbing, resetting curb, redressing curb, paving, repaving, resurfacing, constructing brick gutters, and constructing sewer laterals,” the city proceeded to construct a sewer, not for the purpose of providing drainage for Spicer street, but a large underground structure designed and constructed large enough to take care of a very wide drainage area, estimated to be 43 acres in extent, the Spicer street area being a minor portion thereof. The city council had ample authority under the statutes to construct such an improvement if it were necessary. But nowhere in its proceedings, either in resolution, notice, or ordinance, was any intention indicated to construct a sewer or any such structure. The mere reference to “draining,” as a part of or incident to the improvement of Spicer street, cannot possibly contemplate the construction of an immense sewer for the drainage of a large section of the city. In
 
 *360
 
 the provisions of Section 3812, General Code, distinction is made between the draining of a street, such as that provided for in these proceedings, and the construction of a sewer or drain.
 

 It is contended by the city that the language of the resolution, notice, and ordinances was sufficiently definite to comply with the requirements of Section 3815, General Code, which provides that “such resolution shall determine the general nature of the improvement,” etc. Surely, the general nature of an improvement is not set forth in a statement which omits entirely all reference to a proposed erection of a structure such as a district sewer. Section 3871, General Code, prescribes the procedure for such improvement. No purpose whatever would be served by the requirement of notice of the passage of a resolution of necessity if it described one class of improvement when an improvement of an entirely different character was contemplated.
 

 This is not a new question in this state, or in this court. Almost the precise question was presented in the case of
 
 Roebling
 
 v.
 
 City of
 
 Cincinnati, 102 Ohio St., 460, 132 N. E., 60, where this court held:
 

 “The term ‘drains,’ as used in Section 3812, General Code, is not synonymous or interchangeable with the term ‘sewers,’ as used in the same section. Each has a common, ordinarily accepted meaning of its own, and legislation by the council of a municipal corporation for the improvement of a street by paving, and providing for the construction of the necessary drains as an incident thereto, is not broad or comprehensive enough to clothe
 
 *361
 
 the city with jurisdiction to construct a sanitary sewer thereunder.”
 

 In the later case of
 
 Albrecht
 
 v.
 
 City of Cincinnati,
 
 104 Ohio St., 266, 135 N. E., 541, the question was again presented, and this court specifically approved its conclusion in the
 
 Roebling case,
 
 and held that unless the proceeding to improve provides for the construction of a sanitary sewer, as part of the improvement, no jurisdictional authority attaches to warrant the construction of a sewer, and that the collection of assessments therefor may be enjoined. In the latter case the language of the resolution of improvement was substantially the same as in the instant case, and it was there pointed out that the term “drains,” as used in Section 3812, General Code, is not synonymous or interchangeable with the term “sewers,” as used in the same section.
 

 It must be concluded, therefore, that in the absence of legislation of the character required to vest it with authority to proceed with such improvement the municipality was without power to levy an assessment to meet the cost and expense thereof.
 

 Judgment affirmed.
 

 Day, Allen, Kinkade, Robinson and Jones, JJ., concur.